O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERNON CASTLE BROWN, JR., | |
| Petitioner, | Case No. CV 17-1512-CAS(AJW) |
| v. | |
| DAVID BAUGHMAN, | MEMORANDUM AND ORDER DISMISSING PETITION |
| Respondent. | |

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus on February 15, 2017.[1] The petition challenges petitioner's 2001 murder conviction in the Los Angeles County Superior Court. Petitioner previously has filed numerous petitions in this Court challenging the same conviction. The first petition was denied on the merits on June 8, 2004. Case No. CV 03-7528-FMC(AJW). Petitioner's subsequent petitions challenging that conviction were

---

[1] Although petitioner used the form for a petition filed pursuant to 28 U.S.C. § 2241, the petition is properly construed as a petition pursuant to 28 U.S.C. § 2254.

1  dismissed as successive.[2]

2  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals, the petition is dismissed for lack of jurisdiction.[3]

**It is so ordered.**

Dated: March 8, 2017

_Christina A. Snyder_
Christina A. Snyder
United States District Judge

---

[2] Case Nos. CV 04-4250-R(AJW), CV 11-4338-CAS(AJW), CV 11-4691-CAS(AJW), CV 11-7476-CAS(AJW), CV 11-7997-CAS(AJW), CV 12-4039-CAS(AJW), CV 12-5230-CAS(AJW), CV 14-9017-CAS(AJW), CV 15-268-CAS(AJW), CV 15-766-CAS(AJW), CV 15-2316-CAS(AJW), CV 15-8590-CAS(AJW).

[3] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.